IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:21-CR-069-Z-BR (1) |
| VICTOR MANUEL CHAVEZ JR., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Reduction of Sentence ("Motion") (ECF No. 78) filed by Defendant Victor Manuel Chavez Jr. For the reasons stated below, Chavez's Motion is **DENIED**.

### BACKGROUND

On July 13, 2022, the Court accepted Chavez's guilty plea to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2. ECF No. 56. As a result, on November 3, 2022, the Court sentenced Chavez to 240 months of imprisonment, followed by three years of supervised release. ECF No. 62. On April 17, 2025, Chavez filed this Motion, seeking release based subsequent changes to the U.S. Sentencing Guidelines and policy statements. ECF No. 78.

### LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed, except in limited circumstances. *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023); *see also* 18 U.S.C. Section 3582(c). Chavez asks the Court for relief under 18 U.S.C. 3582(c)(2), which provides that the Court may modify the sentence of a defendant

who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. However, he provides no evidence, and the Court has found none, indicating that the guideline range under which he was sentenced has been lowered.

Chavez also requests relief based upon purported changes to the Sentencing Guidelines policy statements in 2024 that allegedly added consideration for youthful offenders in determining an appropriate sentence. This argument is unavailing. The 2021 Sentencing Guidelines, which applied to Chavez's sentence, contained a provision stating that "[a]ge (including youth) may be relevant in determining whether a departure is warranted . . . ." *See* Section 5H1.1 (2021). Chavez was indicted for the offense of conviction at age 31, which is not, in the Court's estimation, youthful. Therefore, Chavez's Motion pursuant to Section 3582(c)(2) is **DENIED**.

To the extent Chavez seeks release due to a brain injury and longstanding drug use, the Court construes his motion as a motion for compassionate release pursuant to Section 3582(c)(1)(A). A defendant moving for compassionate release must satisfy three criteria: (1) either "extraordinary and compelling reasons" warrant a reduction, or he is at least 70 years of age, has served at least 30 years in prison, and meets certain additional requirements;[1] (2) show that compassionate release is consistent with applicable U.S. Sentencing Commission policy statements; and (3) convince the Court to exercise its discretion to grant the motion after considering the Section 3553(a) factors. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021).

---

[1] This factor does not apply to Chavez.

2

**LEGAL ANALYSIS**

**A. Chavez Shows No "Extraordinary and Compelling Reasons" for Release.**

Although Section 3582(c)(1)(A) provides that the Court may reduce a prison sentence for extraordinary and compelling reasons, the statute itself provides no definition of situations considered to be "extraordinary and compelling." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). In an effort to define "extraordinary and compelling," the U.S. Sentencing Commission promulgated Sentencing Guideline Section 1B1.13, which was amended in 2023 to include a list of six extraordinary and compelling reasons that may justify compassionate release. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200–10 (Am. 814).

Chavez apparently alleges that his longstanding drug use and age at the time of conviction should be considered as grounds for compassionate release. The Court disagrees. USSG Section 1B1.13(b)(1)(B) states that a defendant who suffers from a "serious functional or cognitive impairment" may qualify for compassionate release; however, Chavez provides no evidence that he is cognitively impaired to such an extent that early release is warranted.

**B. The Section 3553 Factors Weigh Against Release.**

The Court also must consider the applicable Section 3553(a) factors to determine whether compassionate release is appropriate. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court has carefully considered the record pertaining to (1) Chavez's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Chavez; (6) the need to provide rehabilitative services, (7) the applicable guideline sentence, and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records

found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must be "sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors militate against compassionate release. Chavez's Factual Resume shows that he admitted to knowingly possessing 3.2 kilograms of methamphetamine with the intent to distribute. ECF No. 46. The Presentence Report ultimately found that Chavez was accountable for more than 206,600 kilograms of converted drug weight, and his total offense level, even after reductions for acceptance of responsibility, was 39. *Id.* at 10. In addition, he committed the offense of conviction while on supervised release. *Id.* at 14. In view of the serious nature and circumstances of his offense of conviction, the Court cannot conclude that releasing Chavez from prison after he has served only a fraction of his 20-year sentence would afford adequate deterrence or protect the public. Granting compassionate release, in the Court's view, would not provide a just punishment for his offense.

After reviewing the entirety of the record, the Court determines that releasing Chavez at this time would minimize the impact of his crime and the seriousness of his offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED.**

September 23, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE